**Craig R. Berne, OSB #874202**
craig@hbclawyers.com
**Shawn M. Lindsay, OSB #020695**
shawn@hbclawyers.com
Harris Berne Christensen LLP
5000 Meadows Road, Suite 400
Lake Oswego, OR 97035
Telephone: (503) 968-1475
Fax: (503) 968-2003

      Of Attorneys for Defendant
      JENNIFER PETERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL ST. JOHN, HUDSON TURMAN, SARAH WILLETT, PAIGE KNIGHT and BRADLEY CERNOHORSKY, <br><br>         Plaintiffs, <br><br>      v. <br><br> JENNIFER PETERSON and MATTHEW RAMEY, individuals; BARBECUE SHED LLC and RIBWORKS LLC, Oregon limited liability companies; and HIGHWAY 14 RIBWORKS LLC and WASHINGTON RIBWORKS LLC, Washington limited liability companies, <br><br>         Defendants. | Case No. <br><br> **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** <br><br> (Multnomah County Circuit Court Case No. 18CV19805) |

TO: The United States District Court for the District of Oregon, Portland Division

AND TO: Plaintiffs Michael St. John, Hudson Turman, Sarah Willett, Paige Knight, and Bradley Cernohorsky, and their attorney of record, Jon M. Egan of Jon M. Egan, PC, and Defendants Matthew Ramey, Barbecue Shed, LLC, Ribworks, LLC, Highway 14 Ribworks, LLC, and Washington Ribworks, LLC, and their attorney of record, George Guyer of Guyer Law:

Defendant Jennifer Peterson hereby provides notice that she is removing this case now pending in the Multnomah County Circuit Court entitled *Michael St. John, et al., v. Jennifer Peterson, et al.*, Case No. 18CV19805 ("the State Court Action"), to the United States District Court for the District of Oregon.

Defendant Jennifer Peterson has not yet received a copy of the Complaint in the State Court Action, so this removal is timely pursuant to 28 U.S.C. § 1446(b)(1). A true and correct copy of the summons and complaint are attached hereto as Exhibit 1 and are by this reference made a part hereof. Attached hereto as Exhibit 2 collectively are true and correct copies of all the other pleadings and orders sent to counsel for Defendant Jennifer Peterson in the State Court Action, though she has not received these herself.

Plaintiffs have alleged, among other things, that Defendants, including Defendant Jennifer Peterson, have violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 203(m)(2)(B). The United States District Courts have original jurisdiction for violation of these statutes. 29 U.S.C. § 216(b).

The above-described State Court Action is one which may be removed to this Court by Defendant Jennifer Peterson pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action over which the courts of the United States have original jurisdiction.

Venue is proper in the Portland Division which embraces Multnomah County, where the State Court Action was filed, and from which this case was removed, and Clackamas County, where venue was properly set for the State Court Action. LR 3-2(a)(1), 3-2(b).

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed promptly with the clerk of the Circuit Court of Multnomah County, Oregon, and Defendant Jennifer Peterson will give written notice thereof to the parties.

Defendant Jennifer Peterson reserves any and all rights to assert any and all defenses to Plaintiffs' complaint, and to amend or supplement this Notice of Removal as necessary.

WHEREFORE, Defendant Jennifer Peterson hereby removes this case from the Circuit Court of Multnomah County, Oregon, where it is now pending, to this Court.

DATED this 11th day of September 2018.

**HARRIS BERNE CHRISTENSEN LLP**

By:    s/ Craig R. Berne
    Craig R. Berne, OSB #874202
    craig@hbclawyers.com
    Shawn M. Lindsay, OSB #020695
    shawn@hbclawyers.com
    Of Attorneys for Defendant Jennifer Peterson

    Trial Attorney:
      Craig R. Berne, OSB #874202

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| MICHAEL ST. JOHN, HUDSON TURMAN, SARAH WILLETT, PAIGE KNIGHT and BRADLEY CERNOHORSKY, | Case No. 18CV19805 |
|---|---|
| Plaintiffs, | SUMMONS |
| vs. | |
| JENNIFER PETERSON and MATTHEW RAMEY, individuals; BARBECUE SHED LLC and RIBWORKS LLC, Oregon limited liability companies; and HIGHWAY 14 RIBWORKS LLC and WASHINGTON RIBWORKS LLC, Washington limited liability companies, | |
| Defendants. | |

NOTICE TO DEFENDANT:
READ THESE PAPERS
CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

DATED this 17ᵗʰ day of May, 2018          JON M. EGAN, P.C.

Jon M. Egan, OSB #002467
Attorney for Plaintiffs

Page 1 – SUMMONS

Exhibit 1
Page 1 of 15

1

2

3

4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5            FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| 6   MICHAEL ST. JOHN, HUDSON TURMAN, SARAH WILLETT, PAIGE 7   KNIGHT and BRADLEY CERNOHORSKY, | Case No. COMPLAINT |
| 8            Plaintiffs,     vs. | Tort Other Damages estimated at $100,000.00 |
| 9   JENNIFER PETERSON and MATTHEW 10   RAMEY, individuals; BARBECUE SHED LLC and RIBWORKS LLC, Oregon limited 11   liability companies; and HIGHWAY 14 RIBWORKS LLC and WASHINGTON 12   RIBWORKS LLC, Washington limited liability companies, 13             Defendants. | Jury Trial Requested NOT SUBJECT TO MANDATORY ARBITRATION Filing fee of $560 per ORS 21.160(1)(c) |

14

15     Plaintiffs complain as follows against Jennifer Peterson, Matthew Ramey,

16 Barbecue Shed LLC, Ribworks LLC, Highway 14 Ribworks LLC, and Washington

17 Ribworks LLC (collectively, "PINE SHED").

18                   **PRELIMINARY STATEMENT**

19                         1.

20     This is an action under state and federal wage-and-hour and other statutes to

21 recover unpaid wages, stolen tips, statutory damages, liquidated damages, and civil

22 penalties (and pre- and post-judgment interest thereon), as well as attorney fees,

23 costs and disbursements, and nontaxable expenses. Plaintiffs requested their

Page 1 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 2 of 15**

1 | personnel files and time and pay records from PINE SHED prior to this litigation, but
2 | PINE SHED refused to provide them. All allegations herein are therefore made to the
3 | best of plaintiffs' and their counsel's good-faith knowledge, information and belief,
4 | based upon the evidence adduced to date, and plaintiffs reserve the right to amend
5 | their Complaint upon the discovery of additional facts.

## PARTIES

2.

At all material times, plaintiffs were residents and citizens of the State of Oregon. Plaintiffs were employees of PINE SHED.

3.

At all relevant times, Defendant Jennifer Peterson is or was the registered agent and sole listed member of Barbecue Shed LLC, and the sole listed governor of Highway 14 Ribworks LLC. At all relevant times, Defendant Matthew Ramey is or was the registered agent and sole listed member of Ribworks LLC and the sole listed governor of Washington Ribworks LLC. Defendants, and each of them, do business in Multnomah County and elsewhere under the unregistered business names Pine Shed, Pine Shed Ribs, and Pine Shed Ribs and Barbecue, as employers and joint employers of the plaintiffs, each acting directly and indirectly on behalf of every other defendant. PINE SHED operates multiple barbecue restaurant locations and also manufactures and distributes barbecue sauce for retail sale.

## FACTS

4.

At all material times, PINE SHED deducted 30 minutes from each employee's

Page 2 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 3 of 15**

1    time every day, even though the employees were never able to take an uninterrupted

2    30-minute meal break.

3                          5.

4       At all material times, PINE SHED larcenously, fraudulently, and by embezzlement

5    and defalcation, stole all of the tips left by customers, both in cash and by credit card,

6    for PINE SHED as fiduciary and bailee for distribution to the employees, after

7    promising each employee at hire that they would receive tips, and after promising

8    each employee multiple times during their employ that they would in future receive

9    tips. PINE SHED said that all tips would be pooled and a ranked distribution paid out

10    to all of the employees. None of the employees knew whether or when those moneys

11    ever got paid, or to whom. The employees simply had to trust defendants to distribute

12    the tip money correctly and not take advantage of them. Defendants, and each of

13    them, were thus in the position of bailor, fiduciary and trustee with regard to those

14    tip pool funds. The tip pool funds constituted a specific, earmarked fund capable of

15    identification, held in trust for the beneficiary employees.

16                          6.

17       At all material times, PINE SHED often paid plaintiffs nothing at all on payday,

18    sometimes bounced their paychecks, and sometimes intentionally and fraudulently

19    wrote false dates on the paychecks to make it seem as if they had been paid on

20    payday.

21                          7.

22       At all material times, PINE SHED operated illegal surveillance equipment on the

23    property, recording customers' and employees' video and audio without notice or

Page 3 – COMPLAINT

Exhibit 1
Page 4 of 15

1  consent.

2                                    8.

3      At all material times, PINE SHED did not provide employees with pay stubs, on

4  payday or ever. PINE SHED also failed to provide employees with W-2s by the

5  required deadline. It was also mandatory that PINE SHED employees work at least

6  the first two weeks (sometimes longer) under the table.

7                                    9.

8      At all material times, PINE SHED failed to pay employees for the substantial

9  travel time between their different store locations.

10                                   10.

11     At all material times, PINE SHED set up their timekeeping software to prevent

12  employees from clocking in before or after their scheduled shift times, while

13  simultaneously requiring, suffering and/or permitting the employees to work during

14  times in which they were not clocked in.

15                                   11.

16     Plaintiffs' attorney gave more than 12 days' written prelitigation notice of

17  nonpayment and notice of this wage claim to PINE SHED on behalf of the plaintiffs,

18  and each of them. Plaintiffs' attorney also demanded the production of plaintiffs'

19  personnel files and time and pay records prior to filing this lawsuit. PINE SHED

20  made no payments and produced no records prelitigation.

21  ///

22  ///

23  ///

Page 4 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 5 of 15

**FIRST CAUSE OF ACTION**

FLSA Minimum Wage

12.

All previous paragraphs are incorporated by reference herein.

13.

Pursuant to 29 U.S.C. § 206, PINE SHED was required to pay plaintiffs at least the amount of the federal minimum wage, when those wages were due, but willfully and maliciously failed to do so.

14.

Plaintiffs are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs, and nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

FLSA Overtime

15.

All previous paragraphs are incorporated by reference herein.

16.

Pursuant to 29 U.S.C. § 207, PINE SHED was required to pay plaintiffs at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully and maliciously failed to do so.

///

Page 5 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 6 of 15**

1                                              17.

2       Plaintiffs are entitled to collect the difference between their wages received when

3    due and the overtime wages due, in an amount to be proven at trial, in addition to

4    liquidated damages in the same amount, together with attorney fees, costs, and

5    nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

6                                  **THIRD CAUSE OF ACTION**

7                                        FLSA Tip Theft

8                                              18.

9       All previous paragraphs are incorporated by reference herein.

10                                             19.

11      Pursuant to 29 U.S.C. § 203(m)(2)(B), PINE SHED was prohibited from keeping

12   tips received by its employees for any purposes, including allowing managers or

13   supervisors to keep any portion of employees' tips, but willfully and maliciously did

14   so anyway.

15                                             20.

16      Plaintiffs are entitled to collect the amount of tips unlawfully stolen from them, in

17   an amount to be proven at trial, in addition to liquidated damages in the same

18   amount, together with attorney fees, costs, and nontaxable expenses, pursuant to 29

19   U.S.C. § 216(b).

20                                 **FOURTH CAUSE OF ACTION**

21                                    Oregon Minimum Wage

22                                             21.

23      All previous paragraphs are incorporated by reference herein.

Page 6 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 7 of 15**

1                                    22.

2     Pursuant to ORS 653.025, PINE SHED was required to pay plaintiffs at least the

3 amount of the applicable Oregon minimum wage, when those wages were due, but

4 willfully and maliciously failed to do so.

5                                    23.

6     Plaintiffs are entitled to collect the difference between the wages received when

7 due and the Oregon minimum wages due in an amount to be proven at trial, together

8 with attorney fees, costs, and nontaxable expenses, as well as pre- and post-judgment

9 interest and the 30 days of statutory penalty wages provided by ORS 653.055 and

10 652.150.

11                      **FIFTH CAUSE OF ACTION**

12                          Oregon Overtime

13                                 24.

14     All previous paragraphs are incorporated by reference herein.

15                                 25.

16     Pursuant to ORS 653.261 and its implementing regulations, PINE SHED was

17 required to pay plaintiffs one and one half times their regular rate of pay for all hours

18 worked in excess of 40 in a given workweek, when those wages were due, but willfully

19 and maliciously failed to do so.

20                                 26.

21     Plaintiffs are entitled to collect the difference between the wages received when

22 due and the overtime wages due in an amount to be proven at trial, together with

23 attorney fees, costs, and nontaxable expenses, as well as pre- and post-judgment

Page 7 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 8 of 15**

1  interest and the 30 days of statutory penalty wages provided by O.R.S. 653.055 and

2  652.150.

3  **SIXTH CAUSE OF ACTION**

4  Wrongful Deductions

5  27.

6  All previous paragraphs are incorporated by reference herein.

7  28.

8  Pursuant to ORS 652.610, PINE SHED was prohibited from deducting certain

9  amounts from plaintiffs' paychecks but willfully and maliciously did so.

10  29.

11  Plaintiffs are entitled to (for each violation) the greater of $200 or actual damages

12  in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney

13  fees, costs and pre- and post-judgment interest.

14  **SEVENTH CAUSE OF ACTION**

15  Unpaid Wages Upon Termination

16  30.

17  All previous paragraphs are incorporated by reference herein.

18  31.

19  Pursuant to ORS 652.140, PINE SHED was required to pay plaintiffs all earned

20  and unpaid wages by the statutory deadline upon termination of employment but

21  willfully and maliciously failed to do so.

22  32.

23  Plaintiffs are entitled to collect all wages remaining due, in an amount to be

Page 8 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 9 of 15**

1  proven at trial, together with attorney fees and costs, as well as pre- and post-

2  judgment interest, and the 30 days of statutory penalty wages provided by ORS

3  652.150.

**EIGHTH CAUSE OF ACTION**

Unpaid Wages

33.

7  All previous paragraphs are incorporated by reference herein.

34.

9  Pursuant to ORS 652.120, PINE SHED was required to pay plaintiffs all wages

10  due, when those wages were due, but willfully and maliciously failed to do so.

35.

12  Plaintiffs are entitled to collect the wages due in an amount to be proven at trial,

13  together with attorney fees and costs per ORS 652.200, as well as pre- and post-

14  judgment interest.

**NINTH CAUSE OF ACTION**

Conversion

36.

18  All previous paragraphs are incorporated by reference herein.

37.

20  By misappropriating the tip funds entrusted to them, defendants exercised

21  unlawful dominion and control over the property, which completely interfered with

22  the employees' right to control it, so that defendants may justly be required to repay

23  the full value of the property. This breach of bailment contract and of trust and of

Page 9 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 10 of 15**

1      fiduciary responsibilities qualifies as, and is enforceable as, conversion.

2      38.

3      Plaintiffs are entitled to recover the value of the property tortiously converted, in

4      addition to pre- and post-judgment interest and (on motion) punitive damages.

5      **TENTH CAUSE OF ACTION**

6      Breach of Contract

7      39.

8      All previous paragraphs are incorporated by reference herein.

9      40.

10      Defendants told plaintiffs upon their hire that they would be paid "minimum

11      wage plus tips." The defendants breached that material term of the contract, which

12      proximately caused monetary damage to plaintiffs.

13      41.

14      Plaintiffs are therefore entitled to the difference between the tips they received (if

15      any) and that which they were promised.

16      **ELEVENTH CAUSE OF ACTION**

17      Tortious Breach of Duty of Good Faith and Fair Dealing

18      42.

19      All previous paragraphs are incorporated by reference herein.

20      43.

21      Because the defendants collected all tips and gratuities for the purpose of

22      redistributing them, they had a special bailor/fiduciary/trustee relationship with the

23      intended recipients, involving a heightened duty of care beyond and independent

Page 10 – COMPLAINT

**Exhibit 1**
**Page 11 of 15**

1   from that of a simple employment contract. Thus, defendants' intentional action to

2   deprive plaintiffs of their expected contractual benefits was a tortious breach of the

3   duty of good faith and fair dealing, and of defendants' fiduciary obligations, which

4   proximately caused economic and noneconomic damage to plaintiffs.

5                               44.

6      Plaintiffs are therefore entitled to economic and noneconomic damages, as well as

7   pre-judgment interest and (upon motion) punitive damages.

8                **TWELFTH CAUSE OF ACTION**

9                      Unjust Enrichment

10                         45.

11      All previous paragraphs are incorporated by reference herein.

12                         46.

13      Defendants have failed to pay to plaintiffs tip money to which they are rightfully

14   entitled, and defendants have been directly and indirectly unjustly enriched and

15   benefitted thereby, and equity and good conscience demand that plaintiffs' money be

16   returned.

17                         47.

18      Plaintiffs are entitled to recover in restitution the money unlawfully taken from

19   them, in an amount to be proven at trial, in addition to pre- and post-judgment

20   interest.

21   ///

22   ///

23   ///

Page 11 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 1**
**Page 12 of 15**

## THIRTEENTH CAUSE OF ACTION

### Money Had and Received

48.

All previous paragraphs are incorporated by reference herein.

49.

Defendants have failed to pay to plaintiffs tip pool money to which *ex aequo et bono* they are rightfully entitled, and equity and good conscience demand that plaintiffs' money be returned to them by defendants.

50.

Plaintiffs are entitled to the money unlawfully withheld from them, in an amount to be proven at trial, in addition to pre- and post-judgment interest and (on motion) punitive damages.

## FOURTEENTH CAUSE OF ACTION

### Accounting

51.

All previous paragraphs are incorporated by reference herein.

52.

By collecting all tips and gratuities of all employees for the purpose of redistributing them according to the agreed-upon formula, defendants became the bailor, fiduciary and trustee of those funds, holding them in trust for the proper recipients. As such, defendants owe plaintiffs a duty to render an account showing in detail the items taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just and necessary.

Page 12 – COMPLAINT

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

Exhibit 1
Page 13 of 15

1    53.

2    Plaintiffs are therefore entitled to a full accounting of the tips and gratuities

3    received and/or paid out by defendants, and to an equitable award of any amounts to

4    which such accounting demonstrates that they are entitled.

5                          **FIFTEENTH CAUSE OF ACTION**

6                               Declaratory Judgment

7    54.

8    All previous paragraphs are incorporated by reference herein.

9    55.

10   Plaintiffs are entitled to a declaratory judgment declaring defendants' violations

11   as outlined above.

12                          **SIXTEENTH CAUSE OF ACTION**

13                      Doing Business Under an Unregistered Name

14   56.

15   All previous paragraphs are incorporated by reference herein.

16   57.

17   PINE SHED conducted, carried on and transacted business in Oregon under the

18   assumed business name "Pine Shed," "Pine Shed Ribs," "Pine Shed Ribs and

19   Barbecue," and/or other variations thereon, when those names were not registered

20   with the Oregon Secretary of State. This litigation arises out of those activities.

21   58.

22   Plaintiffs are entitled to recover $500 or actual damages in addition to attorney

23   fees, per ORS 648.135(2).

Page 13 – COMPLAINT

**Exhibit 1**
**Page 14 of 15**

# JURY TRIAL DEMAND

59.

Plaintiffs demand a jury trial on all claims and issues to the extent allowed under

the law.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs request that the Court award such damages as set forth

above and in amounts to be proven at trial; award them attorney fees, costs and

expenses of suit; order defendants to pay pre-judgment and post-judgment interest

on all amounts due to plaintiffs as a result of the claims; declare defendants'

violations as enumerated above; and order such further or alternative relief as the

Court deems appropriate.

DATED this 16th day of May, 2018

JON M. EGAN, P.C.

s/ Jon M. Egan

_____

Jon M. Egan, OSB #002467
Attorney for Plaintiffs

Page 14 – COMPLAINT

Exhibit 1
Page 15 of 15

FILED

2018 JUL 29

JUDICIAL DIST.

_Verified Correct Copy of Original 8/6/2018_

1

2    IN THE CIRCUIT COURT OF THE STATE OF OREGON

3    FOR THE COUNTY OF MULTNOMAH

4    MICHAEL ST. JOHN, HUDSON          Case No. 18CV19805
     TURMAN, SARAH WILLETT, PAIGE
     KNIGHT and BRADLEY CERNOHORSKY,   ORDER GRANTING LEAVE OF COURT
5                                      TO SERVE DEFENDANT JENNIFER
                                       PETERSON BY ALTERNATIVE MEANS
              Plaintiffs,
6
7    vs.

     JENNIFER PETERSON and MATTHEW
8    RAMEY, individuals; BARBECUE SHED
     LLC and RIBWORKS LLC, Oregon limited
9    liability companies; and HIGHWAY 14
     RIBWORKS LLC and WASHINGTON
10   RIBWORKS LLC, Washington limited
     liability companies,
11
              Defendants.

12       Plaintiff's counsel having appeared before the Court and supported plaintiff's

13   motion by Declaration, and the Court being advised of all pertinent premises, the

14   Court hereby FINDS that plaintiff has shown that service cannot be made by any

15   method otherwise specified in the Oregon Rules of Civil Procedure or other rule or

16   statute, and the Court in its discretion hereby ORDERS pursuant to ORCP 7 D(6)(a)

17   that service on defendant Jennifer Peterson be made by the following method, which

18   under the circumstances is most reasonably calculated to apprise Ms. Peterson of the

19   existence and pendency of the action:

20       Via Certified Mail Restricted Delivery, in addition to regular first-class mail, to

21   each of the following addresses:

22   • 16470 Phantom Bluff Ct., Lake Oswego, OR 97034

23

Page 1 – ORDER

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM



18CV19805
ORMA
Order – Allow Service By Mail
9845791

**Exhibit 2**
**Page 1 of 23**

1  • 17730 Pilkington Rd., Lake Oswego, OR 97035

2  • 1780 Barnes Blvd. SW, Tumwater, WA 98512

3  • 9982 SE French Acres Dr., Happy Valley, OR 97086

4  • 14631 SE Wintoon Street, Prineville, OR 97754

5  And by regular first-class mail to:

6  • c/o attorney Shawn M. Lindsay, 5000 Meadows Rd., Ste. 400, Lake Oswego,
      OR 97035
7

8  • c/o attorney Theodore J. Piteo, 12909 SW 68th Parkway, Suite 160, Portland,
      OR 97223

9  It is further ORDERED that the deadline for Ms. Peterson to appear in this case shall

10  be 33 days from the date of mailing.

11

12

13    JUL 3 0 2018        _Stephen K. Bushong_

14                              BC

15

16

17

18

19

20

21

22

23

Page 2 – ORDER

JON M. EGAN, PC
547 FIFTH STREET
LAKE OSWEGO, OR 97034-3009
TELEPHONE: (503) 697-3427 • FAX: (866) 311-5629
INFO@EGANLEGALTEAM.COM

**Exhibit 2**
**Page 2 of 23**

Verified Correct Copy of Original 8/6/2018

CERTIFICATE OF READINESS:

This proposed order or judgment is ready for judicial signature because:

1. [] Each party affected by this order or judgment has stipulated to the order or judgment, as shown by each party's signature on the document being submitted.

2. [] Each party affected by this order or judgment has approved the order or judgment, as shown by each party's signature on the document being submitted or by written confirmation of approval sent to me.

3. [] I have served a copy of this order or judgment on each party entitled to service and:

    a. [] No objection has been served on me.

    b. [] I received objections that I could not resolve with a party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved.

    c. [] After conferring about objections, [role and name of objecting party] agreed to independently file any remaining objection.

4. [X] Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.

5. [] This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection (5) of this rule.

6. [] Other: _____.


DATED this 30th day of July, 2018          JON M. EGAN, P.C.

                                           *s/ Jon M. Egan*

                                           _____
                                           Jon M. Egan, OSB #002467
                                           Attorney for Plaintiff

Page 3 – ORDER

Exhibit 2
Page 3 of 23

1

2

3

4        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5          FOR THE COUNTY OF MULTNOMAH

6

7    MICHAEL ST. JOHN, HUDSON TURMAN,          Case No.: 18CV19805
     SARAH WILLETT, PAIGE KNIGHT and
8    BRADLEY CERNOHORSKY,

9              Plaintiffs,                       **ANSWER, AFFIRMATIVE DEFENSES,
                                                 COUNTERCLAIMS,
10                                               AND CROSS CLAIMS**
            v.
                                                 **(Not subject to mandatory arbitration)**
11
     JENNIFER PETERSON and MATTHEW               Filing Fee:  $265.00 (ORS 21.135(1))
12   RAMEY, individuals; BARBECUE SHED, LLC
     and RIBWORKS, LLC, Oregon limited liability
13   companies; and HIGHWAY 14 RIBWORKS,
     LLC and WASHINGTON RIBWORKS, LLC,
14   Washington limited liability companies,

15
               Defendants.
16

17       Defendants MATTHEW RAMEY, BARBECUE SHED, LLC, RIBWORKS, LLC,

18   HIGHWAY 14 RIBWORKS, LLC and WASHINGTON RIBWORKS, LLC (together the "Ramey

19   Defendants") answer the Complaint of MICHAEL ST. JOHN, HUDSON TURMAN, SARAH

20   WILLETT, PAIGE KNIGHT and BRADLEY CERNOHORSKY ("Plaintiffs") as follows:

21              **ANSWER TO FIRST CLAIM FOR RELIEF**

22                   **(Trespass as to Johnson)**

23                          1.

24       As to Paragraph 1, the Ramey Defendants lack sufficient information to admit or deny the

25   scope or description of Plaintiff's preliminary statement, and therefore deny the same.

26



The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 1 of 19                    ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 4 of 23**

1                         2.

2         As to Paragraph 2, the Ramey Defendants lack sufficient information to admit or deny the

3 Plaintiff's residency and citizenship, and therefore deny the same.

4         Defendant BARBECUE SHED, LLC, (Oregon Secretary of State Corporation Division

5 Registry Number 627223-93 and formerly known as RIBWORKS, LLC), admits that Plaintiffs

6 were employees of BARBECUE SHED, LLC.

7         The Ramey Defendants deny the remaining allegations of Paragraph 2.

8                         3.

9         As to Paragraph 3, The Ramey Defendants admit that at all relevant times, Defendant

10 JENNIFER PETERSON was the registered agent and sole listed member of Defendant

11 BARBECUE SHED, LLC, and the sole listed governor of HIGHWAY 14 RIBWORKS, LLC.

12         The Ramey Defendants admit that at all relevant times Defendant Matthew Ramey was the

13 registered agent and sole listed member of RIBWORKS, LLC (Oregon Secretary of State

14 Corporation Division Registry Number 1408488-96) and the sole listed governor of Washington

15 Ribworks, LLC.

16         Defendant BARBECUE SHED, LLC, (Oregon Secretary of State Corporation Division

17 Registry Number 627223-93 and formerly known as RIBWORKS, LLC) admits that it operates a

18 barbecue restaurant in Lake Oswego, Clackamas County, Oregon under the assumed business name

19 PINE SHED RIBS AND BARBECUE.

20         Defendant HIGHWAY 14 RIBWORKS, LLC admits that it operates a barbecue restaurant

21 located in Bingen, Klickitat County, Washington under the assumed business name PINE SHED

22 RIBS AND BARBECUE.

23         The Ramey Defendants deny the remaining allegations of Paragraph 3.

24                         4.

25         As to Paragraph 4, the Ramey Defendants deny the allegations of Paragraph 4.

26



The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

Page 2 of 19               ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 5 of 23**

1                            5.

2        As to Paragraph 5, the Ramey Defendants deny the allegations of Paragraph 5.

3                            6.

4        As to Paragraph 6, the Ramey Defendants deny the allegations of Paragraph 6.

5                            7.

6        As to Paragraph 7, the Ramey Defendants deny the allegations of Paragraph 7.

7                            8.

8        As to Paragraph 8, the Ramey Defendants deny the allegations of Paragraph 8.

9                            9.

10        As to Paragraph 9, the Ramey Defendants deny the allegations of Paragraph 9.

11                          10.

12        As to Paragraph 10, the Ramey Defendants deny the allegations of Paragraph 10.

13                          11.

14        As to Paragraph 11, the Ramey Defendants deny the allegations of Paragraph 11.

15           **ANSWER TO FIRST CAUSE OF ACTION**

16                  **(FLSA Minimum Wage)**

17                          12.

18        As to Paragraph 12, the Ramey Defendants repeat and reaffirm the admissions and denials

19 pleaded in Paragraphs 1 through 11 of this Answer.

20                          13.

21        As to Paragraph 13, the Ramey Defendants deny the allegations of Paragraph 13.

22                          14.

23        As to Paragraph 14, the Ramey Defendants deny the allegations of Paragraph 14.

24

25

26



GUYER
LAW

The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 6 of 23**

1    ANSWER TO SECOND CAUSE OF ACTION

2    (FLSA Overtime)

3    15.

4    As to Paragraph 15, the Ramey Defendants repeat and reaffirm the admissions and denials

5    pleaded in Paragraphs 1 through 14 of this Answer.

6    16.

7    As to Paragraph 16, the Ramey Defendants deny the allegations of Paragraph 16.

8    17.

9    As to Paragraph 17, the Ramey Defendants deny the allegations of Paragraph 17.

10   ANSWER TO THIRD CAUSE OF ACTION

11   (FLSA Tip Theft)

12   18.

13   As to Paragraph 18, the Ramey Defendants repeat and reaffirm the admissions and denials

14   pleaded in Paragraphs 1 through 17 of this Answer.

15   19.

16   As to Paragraph 19, the Ramey Defendants deny the allegations of Paragraph 19.

17   20.

18   As to Paragraph 20, the Ramey Defendants deny the allegations of Paragraph 20.

19   ANSWER TO FOURTH CAUSE OF ACTION

20   (Oregon Minimum Wage)

21   21.

22   As to Paragraph 21, the Ramey Defendants repeat and reaffirm the admissions and denials

23   pleaded in Paragraphs 1 through 20 of this Answer.

24   22.

25   As to Paragraph 22, the Ramey Defendants deny the allegations of Paragraph 22.

26



GUYER
LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 4 of 19                    ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Exhibit 2
Page 7 of 23

1                                    23.

2          As to Paragraph 23, the Ramey Defendants deny the allegations of Paragraph 23.

3                        ANSWER TO FIFTH CAUSE OF ACTION

4                                (Oregon Overtime)

5                                    24.

6          As to Paragraph 24, the Ramey Defendants repeat and reaffirm the admissions and denials

7    pleaded in Paragraphs 1 through 23 of this Answer.

8                                    25.

9          As to Paragraph 25, the Ramey Defendants deny the allegations of Paragraph 25.

10                                   26.

11         As to Paragraph 26, the Ramey Defendants deny the allegations of Paragraph 26.

12                        ANSWER TO SIXTH CAUSE OF ACTION

13                              (Wrongful Deductions)

14                                   27.

15         As to Paragraph 27, the Ramey Defendants repeat and reaffirm the admissions and denials

16   pleaded in Paragraphs 1 through 26 of this Answer.

17                                   28.

18         As to Paragraph 28, the Ramey Defendants deny the allegations of Paragraph 28.

19                                   29.

20         As to Paragraph 29, the Ramey Defendants deny the allegations of Paragraph 29.

21                       ANSWER TO SEVENTH CAUSE OF ACTION

22                        (Unpaid Wages Upon Termination)

23                                   30.

24         As to Paragraph 30, the Ramey Defendants repeat and reaffirm the admissions and denials

25   pleaded in Paragraphs 1 through 29 of this Answer.

26



GUYER
LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 5 of 19                              ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Exhibit 2
Page 8 of 23

1                           31.

2        As to Paragraph 31, the Ramey Defendants deny the allegations of Paragraph 31.

3                           32.

4        As to Paragraph 32, the Ramey Defendants deny the allegations of Paragraph 32.

5             **ANSWER TO EIGHTH CAUSE OF ACTION**

6                      **(Unpaid Wages)**

7                           33.

8        As to Paragraph 33, the Ramey Defendants repeat and reaffirm the admissions and denials

9 pleaded in Paragraphs 1 through 32 of this Answer.

10                           34.

11        As to Paragraph 34, the Ramey Defendants deny the allegations of Paragraph 34.

12                           35.

13        As to Paragraph 35, the Ramey Defendants deny the allegations of Paragraph 35.

14             **ANSWER TO NINTH CAUSE OF ACTION**

15                     **(Conversion)**

16                           33.

17        As to Paragraph 36, the Ramey Defendants repeat and reaffirm the admissions and denials

18 pleaded in Paragraphs 1 through 35 of this Answer.

19                           37.

20        As to Paragraph 37, the Ramey Defendants deny the allegations of Paragraph 37.

21                           38.

22        As to Paragraph 38, the Ramey Defendants deny the allegations of Paragraph 38.

23

24

25

26



The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law
Page 6 of 19                   ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 9 of 23**

1                             **ANSWER TO TENTH CAUSE OF ACTION**

2                                   **(Breach of Contract)**

3                                       39.

4      As to Paragraph 39, the Ramey Defendants repeat and reaffirm the admissions and denials

5 pleaded in Paragraphs 1 through 38 of this Answer.

6                                       40.

7      As to Paragraph 40, the Ramey Defendants deny the allegations of Paragraph 40.

8                                       41.

9      As to Paragraph 41, the Ramey Defendants deny the allegations of Paragraph 41.

10                       **ANSWER TO ELEVENTH CAUSE OF ACTION**

11            **(Tortious Breach of Duty of Good Faith and Fair Dealing)**

12                                     42.

13      As to Paragraph 42, the Ramey Defendants repeat and reaffirm the admissions and denials

14 pleaded in Paragraphs 1 through 41 of this Answer.

15                                     43.

16      As to Paragraph 43, the Ramey Defendants deny the allegations of Paragraph 43.

17                                   44.

18      As to Paragraph 44, the Ramey Defendants deny the allegations of Paragraph 44.

19                       **ANSWER TO TWELFTH CAUSE OF ACTION**

20                                  **(Unjust Enrichment)**

21                                     45.

22      As to Paragraph 45, the Ramey Defendants repeat and reaffirm the admissions and denials

23 pleaded in Paragraphs 1 through 44 of this Answer.

24                                   46.

25      As to Paragraph 46, the Ramey Defendants deny the allegations of Paragraph 46.

26



**GUYER** LAW

The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

Page 7 of 19                         ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 10 of 23**

1                          47.

2       As to Paragraph 47, the Ramey Defendants deny the allegations of Paragraph 47.

3              **ANSWER TO THIRTEENTH CAUSE OF ACTION**

4                     **(Money Had and Received)**

5                          48.

6       As to Paragraph 48, the Ramey Defendants repeat and reaffirm the admissions and denials

7 pleaded in Paragraphs 1 through 47 of this Answer.

8                          49.

9       As to Paragraph 49, the Ramey Defendants deny the allegations of Paragraph 49.

10                         50.

11       As to Paragraph 50, the Ramey Defendants deny the allegations of Paragraph 50.

12             **ANSWER TO FOURTEENTH CAUSE OF ACTION**

13                       **(Accounting)**

14                         51.

15       As to Paragraph 51, the Ramey Defendants repeat and reaffirm the admissions and denials

16 pleaded in Paragraphs 1 through 50 of this Answer.

17                         52.

18       As to Paragraph 52, the Ramey Defendants deny the allegations of Paragraph 52.

19                         53.

20       As to Paragraph 53, the Ramey Defendants deny the allegations of Paragraph 53.

21              **ANSWER TO FIFTEENTH CAUSE OF ACTION**

22                   **(Declaratory Judgment)**

23                         51.

24       As to Paragraph 54, the Ramey Defendants repeat and reaffirm the admissions and denials

25 pleaded in Paragraphs 1 through 53 of this Answer.

26



The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law
Page 8 of 19            ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 11 of 23**

1                              55.

2       As to Paragraph 55, the Ramey Defendants deny the allegations of Paragraph 55.

3               **ANSWER TO SIXTEENTH CAUSE OF ACTION**

4               **(Doing Business Under an Unregistered Name)**

5                              56.

6       As to Paragraph 56, the Ramey Defendants repeat and reaffirm the admissions and denials

7 pleaded in Paragraphs 1 through 55 of this Answer.

8                              57.

9       As to Paragraph 57, the Ramey Defendants deny the allegations of Paragraph 57.

10                            58.

11       As to Paragraph 58, the Ramey Defendants deny the allegations of Paragraph 58.

12                 **ANSWER TO JURY TRIAL DEMAND**

13                            59.

14       As to Paragraph 59, the Ramey Defendants deny the allegations of Paragraph 59.

15           **RAMEY DEFENDANTS' AFFIRMATIVE DEFENSES**

16                 **FIRST AFFIRMATIVE DEFENSE**

17                   **(Failure to State a Claim)**

18                            60.

19       The Ramey Defendants repeat and reaffirm the admissions and denials pleaded in

20 Paragraphs 1 through 59 of this Answer.

21                            61.

22       Plaintiffs have failed to plead ultimate facts sufficient to state a claim upon which relief can

23 be granted.

24

25

26



The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law
Page 9 of 19                ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 12 of 23**

RAMEY DEFENDANTS' COUNTERCLAIMS

FIRST COUNTERCLAIM

(Attorney Fees)

4                          62.

5        The Ramey Defendants repeat and reaffirm the admissions and denials pleaded in

6  Paragraphs 1 through 61 of this Answer.

7                          63.

8        Defendants seek recovery from Plaintiffs, jointly and severally, of reasonable attorney fees

9  and costs paid or incurred by Defendants in defending this action and bringing counterclaims,

10 pursuant to *ORS 20.077* and *ORS 653.055*.

11             RAMEY DEFENDANTS' CROSSCLAIMS

12        AGAINST DEFENDANT JENNIFER PERTERSON

13     STATEMENT OF FACTS COMMON TO ALL CROSSCLAIMS

14                         64.

15       Defendants Matthew Ramey and Jennifer Peterson had been domestic partners, and worked

16 together to create a barbecue restaurant in Lake Oswego, Oregon, operated as Ribworks, LLC, doing

17 business as Pineshed Ribs and Barbecue.  In the beginning, in August, 2009, Ribworks, LLC was

18 organized as a single member LLC solely owned by Mr. Ramey.  In 2011 the name of Ribworks,

19 LLC was changed to Barbecue Shed, LLC.

20       In the fall of 2017 Defendant Matthew Ramey began working to open a second location in

21 Bingen, Washington.  In preparation for the opening of the Bingen location, Mr. Ramey began

22 working primarily at the Bingen location, while Ms. Peterson spent the majority of her time at the

23 Lake Oswego location. The Bingen location opened in September, 2017.  The Bingen location was

24 created as Highway 14 Ribworks, LLC, which was solely owned by Mr. Ramey.

25

26

---

GUYER
LAW

The Waterstone Building
5895 Jean Road  ·  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  ·  503.697.1045 fax  ·  www.guyer.law
Page 10 of 19                          ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Exhibit 2
Page 13 of 23

1     During this time Defendant Jennifer Peterson repeatedly withdrew funds from both the Lake

2 Oswego and Bingen operating accounts for her personal use without the authorization or approval of

3 the Ramey Defendants.

4     On January 24, 2018 without the knowledge or consent of Mr. Ramey, Ms. Peterson filed

5 an LLC Information Change with the Oregon Secretary of State, Corporations Division, listing

6 herself as the only member of Barbecue Shed, LLC, and filed an express annual report with the

7 Washington Secretary of State Corporations Division, listing herself as the only owner of Highway

8 14 Ribworks, LLC.

9     Defendant Jennifer Peterson took control of the Lake Oswego operating accounts,

10 unilaterally removing Defendant Matthew Ramey from the accounts.

11     Defendant Jennifer Peterson took control of the Lake Oswego location by changing the

12 passwords to e-mail accounts, cloud based point of sale systems, and other such vendor accounts,

13 payroll and accounting records and services, and by failing to provide Defendant Ramey with new

14 passwords or access to the systems and information.

15     Defendant Jennifer Peterson took control of the physical location of the Lake Oswego

16 restaurant by changing the locks and denying Defendant Matthew Ramey access to the property and

17 restaurant facilities.

18 **RAMEY DEFENDANTS' FIRST CROSSCLAIMS**

19 **AGAINST DEFENDANT JENNIFER PERTERSON**

20 **(Conversion)**

21 65.

22     The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in

23 Paragraphs 1 through 64 of this Answer.

24 66.

25     Defendant Jennifer Peterson wrongfully claimed ownership and control of the Lake Oswego

26 barbecue restaurant and portions of the Bingen operations owned by Defendant Matthew Ramey.

---



GUYER LAW

The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

      ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2
Page 14 of 23**

1    By so doing Defendant Jennifer Peterson exercised unlawful dominion and control over the

2    property, which completely interfered with the Ramey Defendants' right to control it, so that

3    Defendant Jennifer Peterson may justly be required to repay the full value of the property.  This

4    interference by Defendant Jennifer Peterson qualifies as, and is enforceable as, conversion.

5                    RAMEY DEFENDANTS' SECOND CROSSCLAIMS

6                    AGAINST DEFENDANT JENNIFER PERTERSON

7                              (Unjust Enrichment)

8                                      67.

9         The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in

10   Paragraphs 1 through 66 of this Answer.

11                                     68.

12        Defendant Jennifer Peterson has wrongfully obtained and retained money and property to

13   which the Ramey Defendants are rightfully entitled, and Defendant Jennifer Peterson has been

14   unjustly enriched and benefitted thereby, and equity and good conscience demand that the money

15   and property of the Ramey Defendants be returned.

16                                     69.

17        The Ramey Defendants are entitled to recover in restitution the money and property

18   unlawfully taken from them, in an amount to be proven at trial, in addition to pre- and post-

19   judgment interest.

20                    RAMEY DEFENDANTS' THIRD CROSSCLAIMS

21                    AGAINST DEFENDANT JENNIFER PERTERSON

22                              (Money Had and Received)

23                                      70.

24        The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in

25   Paragraphs 1 through 69 of this Answer.

26



Exhibit 2
Page 15 of 23

1                                   71.

2        Defendant Jennifer Peterson has wrongfully failed to pay money to which the Ramey

3 Defendants are rightfully entitled, and equity and good conscience demand that the money be

4 returned by her to the Ramey Defendants be returned.

5                                   72.

6        The Ramey Defendants are entitled recover the money property unlawfully withheld from

7 them, in an amount to be proven at trial, in addition to pre- and post-judgment interest.

8             **RAMEY DEFENDANTS' FOURTH CROSSCLAIMS**

9          **AGAINST DEFENDANT JENNIFER PERTERSON**

10                     **(Accounting)**

11                                 73.

12        The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in

13 Paragraphs 1 through 72 of this Answer.

14                                 74.

15        By wrongfully obtaining and retaining money and property to which the Ramey Defendants

16 are rightfully entitled, Defendant Jennifer Peterson became the bailor, fiduciary, and trustee of the

17 money and property, holding them in trust for the proper recipients. As such, Defendant Jennifer

18 Peterson owes the Ramey Defendants a duty to render an account in detail showing the items takin

19 in and expended, when, to whom, and for what purpose, and that the account rendered and

20 expenditures claimed were correct, just and necessary.

21                                 75.

22        The Ramey Defendants are entitled to a full accounting of the money and property

23 unlawfully withheld from them, and to an equitable award of any amounts to which such

24 accounting demonstrates that they are entitled.

25

26

**GUYER**
LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 13 of 19               ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 16 of 23**

RAMEY DEFENDANTS' FIFTH CROSSCLAIMS

AGAINST DEFENDANT JENNIFER PERTERSON

(Trespass and Ejectment)

76.

The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in Paragraphs 1 through 75 of this Answer.

77.

At all material times the Ramey Defendants held a leasehold interest in the real property which served as the Lake Oswego restaurant location. Defendant Jennifer Peterson ousted the Ramey Defendants from the real property and trespassed upon the property by wrongfully exercising dominion and control of the real property to the exclusion of the Ramey Defendants.

78.

The Ramey Defendants are entitled to an award of ejectment against Defendant Jennifer Peterson, as well as damages resulting from this wrongful trespass, in an amount to be determined at trial.

RAMEY DEFENDANTS' SIXTH CROSSCLAIMS

AGAINST DEFENDANT JENNIFER PERTERSON

(Tortious Interference with a Business Relationship)

79.

The Ramey Defendants repeat and reaffirm the admissions, denials and facts pleaded in Paragraphs 1 through 78 of this Answer.

80.

At all material times the Ramey Defendants had business relationships with their vendors, employees and customers. When Defendant Jennifer Peterson intentionally ousted the Ramey Defendants from ownership and control of the Lake Oswego restaurant and the real property, money and property associated with the Lake Oswego restaurant, she interfered with the Ramey



GUYER
LAW

The Waterstone Building
5895 Jean Road · Lake Oswego, Oregon 97035-5303
503.697.1035 phone · 503.697.1045 fax · www.guyer.law

Page 14 of 19                    ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Exhibit 2
Page 17 of 23

1 | Defendants ownership of the Lake Oswego restaurant in a tortious manner which proximately

2 | caused economic and noneconomic damages to the Ramey Defendants.

3 | 81.

4 | The Ramey Defendants are entitled to an award of economic and noneconomic damages, as

5 | well as pre-judgment interest, in an amount to be determined at trial.

6 | **PRAYER FOR RELIEF**

7 | WHEREFORE, Defendants pray for judgment as follows:

8 | 1. On Plaintiffs' first cause of action (FLSA Minimum Wage)

9 | a. That the court dismiss the claim with prejudice;

10 | b. For Defendants' costs and disbursements incurred herein; and

11 | c. All other relief the court deems just and equitable.

12 | 2. On Plaintiffs' second cause of action (FLSA Overtime)

13 | a. That the court dismiss the claim with prejudice;

14 | b. For Defendants' costs and disbursements incurred herein; and

15 | c. All other relief the court deems just and equitable.

16 | 3. On Plaintiffs' third cause of action (FLSA Tip Theft)

17 | a. That the court dismiss the claim with prejudice;

18 | b. For Defendants' costs and disbursements incurred herein; and

19 | c. All other relief the court deems just and equitable.

20 | 4. On Plaintiffs' fourth cause of action (Oregon Minimum Wage)

21 | a. That the court dismiss the claim with prejudice;

22 | b. For Defendants' costs and disbursements incurred herein; and

23 | c. All other relief the court deems just and equitable.

24 | 5. On Plaintiffs' fifth cause of action (Oregon Overtime)

25 | a. That the court dismiss the claim with prejudice;

26 | b. For Defendants' costs and disbursements incurred herein; and


**GUYER**
LAW

The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

Page 15 of 19

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 18 of 23**

| | |
|---|---|
| 1 | c.      All other relief the court deems just and equitable. |
| 2 | 6.      On Plaintiffs' sixth cause of action (Wrongful Deductions) |
| 3 | a.      That the court dismiss the claim with prejudice; |
| 4 | b.      For Defendants' costs and disbursements incurred herein; and |
| 5 | c.      All other relief the court deems just and equitable. |
| 6 | 7.      On Plaintiffs' seventh cause of action (Unpaid Wages Upon Termination) |
| 7 | a.      That the court dismiss the claim with prejudice; |
| 8 | b.      For Defendants' costs and disbursements incurred herein; and |
| 9 | c.      All other relief the court deems just and equitable. |
| 10 | 8.      On Plaintiffs' eighth cause of action (Unpaid Wages) |
| 11 | a.      That the court dismiss the claim with prejudice; |
| 12 | b.      For Defendants' costs and disbursements incurred herein; and |
| 13 | c.      All other relief the court deems just and equitable. |
| 14 | 9.      On Plaintiffs' ninth cause of action (Conversion) |
| 15 | a.      That the court dismiss the claim with prejudice; |
| 16 | b.      For Defendants' costs and disbursements incurred herein; and |
| 17 | c.      All other relief the court deems just and equitable. |
| 18 | 10.    On Plaintiffs' tenth cause of action (Breach of Contract) |
| 19 | a.      That the court dismiss the claim with prejudice; |
| 20 | b.      For Defendants' costs and disbursements incurred herein; and |
| 21 | c.      All other relief the court deems just and equitable. |
| 22 | 11.    On Plaintiffs' eleventh cause of action (Tortious Breach of Duty of Good Faith and |
| 23 | Fair Dealing) |
| 24 | a.      That the court dismiss the claim with prejudice; |
| 25 | b.      For Defendants' costs and disbursements incurred herein; and |
| 26 | c.      All other relief the court deems just and equitable. |



GUYER
LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 16 of 19        ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 19 of 23**

12. On Plaintiffs' twelfth cause of action (Unjust Enrichment)

   a. That the court dismiss the claim with prejudice;

   b. For Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

13. On Plaintiffs' thirteenth cause of action (Money Had and Received)

   a. That the court dismiss the claim with prejudice;

   b. For Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

14. On Plaintiffs' fourteenth cause of action (Accounting)

   a. That the court dismiss the claim with prejudice;

   b. For Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

15. On Plaintiffs' fifteenth cause of action (Declaratory Judgment)

   a. That the court dismiss the claim with prejudice;

   b. For Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

16. On Plaintiffs' sixteenth cause of action (Doing Business Under an Unregistered

Name)

   a. That the court dismiss the claim with prejudice;

   b. For Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

17. On the Ramey Defendants' first counterclaim (Attorney Fees)

   a. For damages to be determined at trial;

   b. For the balance of Defendants' costs and disbursements incurred herein; and

   c. All other relief the court deems just and equitable.

GUYER
LAW

The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 20 of 23**

1    18.    On the Ramey Defendants' First Crossclaim against Defendant Jennifer Peterson

2           (Conversion)

3           a.    For damages in amounts to be determined at trial but not less than

4                 $10,000.00;

5           b.    for Defendants' costs and disbursements incurred herein; and

6           c.    All other relief the court deems just and equitable.

7    19.    On the Ramey Defendants' Second Crossclaim against Defendant Jennifer Peterson

8           (Unjust Enrichment)

9           a.    For damages in amounts to be determined at trial but not less than

10                $10,000.00;

11          b.    for Defendants' costs and disbursements incurred herein; and

12          c.    All other relief the court deems just and equitable.

13   20.    On the Ramey Defendants' Third Crossclaim against Defendant Jennifer Peterson

14          (Money Had and Received)

15          a.    For damages in amounts to be determined at trial but not less than

16                $10,000.00;

17          c.    for Defendants' costs and disbursements incurred herein; and

18          d.    All other relief the court deems just and equitable.

19   21.    On the Ramey Defendants' Fourth Crossclaim against Defendant Jennifer Peterson

20          (Accounting)

21          a.    For an accounting in detail showing the items takin in and expended, when,

22                to whom, and for what purpose, and that the account rendered and

23                expenditures claimed were correct, just and necessary.

24          b.    For damages in amounts to be determined at trial but not less than

25                $10,000.00;

26          c.    for Defendants' costs and disbursements incurred herein; and



GUYER LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

**Exhibit 2**
**Page 21 of 23**

1           d.      All other relief the court deems just and equitable.

2    22.    On the Ramey Defendants' Fifth Crossclaim against Defendant Jennifer Peterson

3           (Trespass and Ejectment)

4           a.      For damages in amounts to be determined at trial but not less than

5                $10,000.00;

6           b.      for Defendants' costs and disbursements incurred herein; and

7           c.      All other relief the court deems just and equitable.

8    23.    On the Ramey Defendants' Sixth Crossclaim against Defendant Jennifer Peterson

9           (Tortious Interference with a Business Relationship)

10          a.      For damages in amounts to be determined at trial but not less than

11               $10,000.00;

12          b.      for Defendants' costs and disbursements incurred herein; and

13          c.      All other relief the court deems just and equitable.

14

15 DATED this 22nd day of AUGUST, 2018

16                                 GUYER LAW

17

18                                 _____

19                                 GEORGE GUYER, OSB No. 972765
                                Attorney for Ramey Defendants

20

21 **RAMEY DEFENDANTS:**         **ATTORNEY FOR DEFENDANTS:**
                                GEORGE H. GUYER, ATTORNEY OSB

22 MATTHEW RAMEY, BARBECUE SHED,   No. 972765
  LLC, RIBWORKS, LLC, HIGHWAY 14     GUYER LAW

23 RIBWORKS, LLC and WASHINGTON    The Waterstone Building
  RIBWORKS, LLC                     5895 Jean Road

24 17730 Pilkington Road            Lake Oswego, Oregon 97035
  Lake Oswego, Oregon 97035       503.697.1035 phone

25 (503) 635-7427                 503.697.1045 fax
                                *george@guyer.law*

26



The Waterstone Building
5895 Jean Road • Lake Oswego, Oregon 97035-5303
503.697.1035 phone • 503.697.1045 fax • www.guyer.law

Page 19 of 19        ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS

Exhibit 2
Page 22 of 23

CERTIFICATE OF SERVICE

I hereby certify that I served ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS CLAIMS on:

Jon M. Egan
Jon M. Egan, P.C.
547 Fifth Street
Lake Oswego, Oregon 97034-3009
*info@eganlegalteam.com*
               attorney for Plaintiffs

__X__    By mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to each person shown above, at the last-known office address of the person, and deposited with the United States Postal Service at Lake Oswego, Oregon, with postage thereon fully prepaid, on the date set forth below.

__X__    By emailing a full, true, and correct copy thereof to said attorneys at their last known working business email address, as shown above, on the date set forth below.

_____    By facsimile transmission to each person shown above, a full, true, and correct copy thereof at their last known facsimile numbers, as shown above, on the date set forth below.

_____    By hand delivering to each person shown above, a full, true, and correct copy thereof to his address shown above, on the date set forth below.

DATED:  AUGUST 22, 2018.



ANNA P. WOLL, PARALEGAL
FOR GEORGE H. GUYER, ATTORNEY
OSB 972765

GUYER
LAW

The Waterstone Building
5895 Jean Road  •  Lake Oswego, Oregon 97035-5303
503.697.1035 phone  •  503.697.1045 fax  •  www.guyer.law

Page 1 of 1

CERTIFICATE OF SERVICE

**Exhibit 2**
**Page 23 of 23**

I hereby certify that I served the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C.**

**§ 1441(a) (FEDERAL QUESTION)** on:

                  Jon M. Egan, PC
                  547 Fifth Street
                  Lake Oswego, OR 97034
                  P: 503-697-3427
                  F: 866-311-5629
                  jegan@eganlegalteam.com
                        Of Attorneys for Plaintiffs

                  George Guyer
                  Guyer Law
                  The Waterstone Building
                  5895 Jean Rd.
                  Lake Oswego, OR 97035
                  george@guyer.law
                        Of Attorneys for Defendants Matthew Ramey, Barbecue Shed, LLC, Ribworks, LLC, Highway 14 Ribworks, LLC, and Washington Ribworks, LLC

by the following indicated method or methods on the date set forth below:

| | |
|---|---|
| ☐ | **CM/ECF system transmission.** |
| ☐ | **E-mail.** As required by Local Rule 5-11, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties. |
| ☐ | **Facsimile communication device.** |
| ☒ | **First-class mail, postage prepaid, and e-mail** |
| ☐ | **Hand-delivery.** |
| ☐ | **Overnight courier, delivery prepaid.** |

DATED this 11th day of September 2018.

                        **HARRIS BERNE CHRISTENSEN LLP**

                        By:    s/ Craig R. Berne
                            Craig R. Berne, OSB #874202
                            craig@hbclawyers.com
                            Shawn M. Lindsay, OSB #020695
                            shawn@hbclawyers.com
                            Of Attorneys for Defendant Jennifer Peterson